FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

MAY 08 2018

KIM HENRY, COURT CLERK

DEPUTY

IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| Jerry Goss, ) | |
| ) | CASE NO CJ-2018-183 |
| Plaintiff ) | |
| vs. ) | |
| ) | Jury Trial Demanded |
| (1) Kelly Cathey, an individual, ) | |
| (2) Oklahoma Horse Racing Commission, ) | Attorney Lien Claimed |
| ) | |
| Defendants ) | |

**PETITION**

Plaintiff, Jerry Goss, files this Petition against Defendants Kelly Cathey and the Oklahoma Horse Racing Commission (OHRC). In support of his claims, Plaintiff alleges as follows:

## I. PRELIMINARY STATEMENT

1. In this case, Plaintiff, Jerry Goss, a former OHRC Steward, brings this suit against his former employer and its executive director because his termination was wrongful and unlawful. As an OHRC Steward, Goss was required by law to conduct OHRC hearings with basic due process notions of fairness, according OHRC licensees with notice, an opportunity to be heard, and premised on the receipt of competent evidence and application of the rules of horseracing.

2. Goss was terminated, however, without notice or an opportunity to be heard for upholding the very virtues his job demanded. Terminating a state employee for upholding OHRC licensees' constitutional rights to a fair hearing and reasonably enforcing the OHRC rules of racing is contrary to Oklahoma policy. In addition, the lack of adequate notice and opportunity for a hearing before Goss' termination amounted to a due process violation. *See PFL Life Ins. Co. v. Franklin*, 1998 OK 32, ¶9, 958 P.2d 156, 162 (In Oklahoma, "no one's rights are to be adversely

1

**Exhibit 1**

affected by . . . [government] process that occurs in the absence of notice and (full and fair) opportunity to defend.").

3. These actions were not only unconstitutional but they also caused significant injuries to Plaintiff. Plaintiff seeks redress, to include without limitation, damages, attorney's fees and all other relief that this Court deems proper and just.

## II.   PARTIES

4. Plaintiff, Jerry Goss, is a resident of Rogers County, Oklahoma.

5. Upon information and belief, Defendant Kelly Cathey is the executive director of the OHRC and is a resident of Oklahoma County, Oklahoma. At all times during the material time, Defendant Cathy was acting under the color of law and within the course and scope of his employment. Defendant Cathy is sued in his individual capacity.

6. Defendant OHRC is an Oklahoma public body that governs horse racing in the State of Oklahoma. The OHRC governs race meetings at Will Rogers Downs and the acts complained of herein occurred in Rogers County, Oklahoma.

## III. JURISDICTION

7. Plaintiff hereby expressly incorporates all the preceding paragraphs herein as though stated *verbatim*.

8. The Court has general subject matter jurisdiction pursuant to Okla. Const. Art. 7 §7 (granting district courts of this state unlimited general jurisdiction over all matters sounding either in law or equity) and Okla. Stat. tit. 12 §2004(F) (authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).



9. The constitutional deprivations and injuries complained of herein are also advanced under 42 U.S.C. §1983. Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

10. Section 1983 is not itself a source of substantive rights, but it is a vehicle for vindicating federal (constitutional and statutory) rights elsewhere provided. In this case, the claims are predicated on violations of the Due Process Clause of the 14th Amendment to the United States Constitution. *See* U.S. Const. Amend. 14th.

11. The Governmental Tort Notice (GTN) for the state claims was sent to the appropriate authorities on November 20, 2017 and was received on November 20, 2017. After 90 days, March 6, 2018, the claim was deemed denied automatically, as a matter of law. This suit, filed within 180-days of the date of denial, is timely and GTN compliant. *See* Okla. Stat. tit. 51 §§156, 157.

12. The acts and conduct complained of occurred in both Rogers County and Oklahoma County, Oklahoma.

13. Venue is proper in this Court because both Defendants reside and/or are situated in Oklahoma County. *See* Okla. Stat. tit. 12 §§133-134.

### IV. FACTUAL BACKGROUND

14. Plaintiff hereby expressly incorporates all the preceding paragraphs herein as though stated *verbatim*.

15. Goss was employed as a Steward with the OHRC. He was regularly assigned to the Will Rogers Downs at Claremore. Like all other government employees, he took an oath to uphold



the Constitutions of the United States and Oklahoma, not to take a bribe, and to discharge his duties faithfully and to the best of his abilities.

16. Stewards' OHRC hearings are required to be conducted with basic due process notions of fairness, according the licensee with notice, an opportunity to be heard, and premised on the receipt of competent evidence and application of the rules of horse racing.

17. Kelly Cathey, the OHRC Executive Director, is responsible for the OHRC's day-to-day administrative functions. Okla. Stat. tit. 3A §204(B). He, however, has a limited role in the OHRC adjudication process; he is empowered to hear and adjudicate requests for Temporary Stays from the Stewards' rulings. *See* Okla. Admin. Code §325: 70-1-27.

18. In the instant matter, however, and as a matter of course, OHRC Executive Director Cathey issued *ex-parte* directives and edicts to disproportionally punish, sanction, and suspend some licensees. In relation to Stewards, Cathey would tell them what to do and how to decide an issue before the actual hearing. Goss took exception to Cathey's flagrantly unlawful and unconstitutional conduct and as a result Cathey caused his wrongful termination.

19. Each time Goss voiced any dissent, he was ostracized. Anytime Goss pointed out rule violations concerning favored licensees, he was told to, "Let it go," or simply told "Stop," "Drop that," "Don't mention that again," or "It won't be good for you." Goss used his best efforts to ensure lawful compliance and voted during hearings to uphold OHRC licensees' constitutional rights to a fair hearing and reasonable enforcement of OHRC rules of racing, for those actions he was singled out.

20. Cathey investigated the termination of Goss' employment on November 13, 2017. Cathey himself signed a letter informing Goss of his termination and ordered him to return all

Exhibit 1

OHRC equipment in his possession. Goss was not afforded any notice of an employment rule or policy violation, nor was he given a due process compliant pre-termination hearing.

21. Goss's termination was wrongful and unlawful. Terminating a state employee for upholding OHRC licensees' constitutional rights to a fair hearing and reasonably enforcing the OHRC rules of racing is contrary to Oklahoma policy. In addition, the lack of adequate notice and opportunity for a hearing amounted to a due process violation. *See PFL Life Ins. Co. v. Franklin*, 1998 OK 32, ¶9, 958 P.2d 156, 162. (In Oklahoma, "no one's rights are to be adversely affected by . . . [government] process that occurs in the absence of notice and (full and fair) opportunity to defend.").

22. The lack of adequate notice and opportunity to be heard prevented Goss from:

- Presenting rebuttal evidence and testing the evidence against him to clear his name and protect his employment;

- Seeking judicial review before his rights were adversely affected;

23. For the wrongs articulated herein, Plaintiff seeks redress, to include without limitation, damages, attorney's fees and all other relief that this Court deems proper and just.

## VI. CAUSES OF ACTION

### First Case of Action
### Wrongful Termination in Violation of Oklahoma Public Policy

24. Plaintiff hereby expressly incorporates all the preceding paragraphs herein as though stated *verbatim*.

25. Defendants' decision to terminate Plaintiff's employment was made on the basis that Plaintiff insisted on upholding OHRC licensees' constitutional rights to a fair and impartial hearing and his unwavering commitment to reasonably and fairly enforce the OHRC rules of racing.

Exhibit 1

26. Oklahoma common law recognizes a clear public policy exception to the termination of an at-will employee. Commonly known as a *Burk* tort, the Oklahoma Supreme Court recognized in *Burk v. K-Mart*, 1989 OK 22, 770 P.2d 24 that an employee who is discharged for refusing to act in violation of an established and well-defined public policy or a refusal to perform an act inconsistent with a clear and compelling public policy may bring a tort claim against his employer for wrongful dismissal.

27. Relevant public policy, which is an element of a *Burk-tort*, is gleaned from either the Federal or Oklahoma Constitutions, Oklahoma statutes and court decisions. *Siloam Springs Hotel, LLC v. Century Surety Co.*, 2017 OK 14, ¶21, 392 P.3d 262, 268.

28. Both the Federal and Oklahoma Constitutions mandate that no one's rights are to be adversely affected by government action in the absence of notice and (full and fair) opportunity to defend. In fact, with regard to government agencies and/or offices, "parties to the[ir] proceeding[s] have a clear legal right to a hearing that is not only fair and impartial, but also avoids the appearance that fairness and impartiality are lacking." *Arbuckle Simpson Aquifer Protect. Fed. of Okla., Inc. v. Okla. Water Resources Bd.*, 2013 OK 29, ¶15, 343 P.3d 1266, 1272; *Jackson v. Indep. Sch. Dist. No. 16 of Payne Cnty.*, 1982 OK 74, ¶13, 648 P.2d 26, 32 ("[Fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights.").

29. Even the Oklahoma rules of racing require that hearings be fair and impartial. *See* Okla. Stat. tit. 75 §316 ("A hearing examiner or agency member shall withdraw from any individual proceeding in which he cannot accord a fair and impartial hearing or consideration.").

30. Here, Plaintiff was penalized and terminated for upholding the high calling of his office. Plaintiff resisted Cathey's repeated ex-parte conduct directed at him and other OHRC

Exhibit 1

adjudicators to affect the fairness and impartiality of adjudicatory proceedings. Plaintiff's laudable conduct was consistent with compelling Oklahoma public policy.

31. At all times relevant to the claims asserted herein, Plaintiff was an at-will government employee with the OHRC.

32. Plaintiff's termination, as outlined in this Petition, was in clear violation of established Oklahoma public policy, such as to qualify as a *Burk-tort*. Plaintiff has, as a result, suffered damages. For the wrongs articulated herein, Plaintiff seeks redress, to include without limitation, damages, and all other relief that this Court deems proper and just.

### Second Cause of Action
### Due Process — Procedural Due Process Violation & Stigma Plus Claim
### (Against all Defendants)

33. Plaintiff hereby expressly incorporates all the preceding paragraphs herein as though stated *verbatim*.

34. The OHRC is a government entity, and Cathey, as OHRC executive director and the person in charge of its day-to-day activities, in turn, qualifies as a state actor because at all times relevant to the claims herein, he was clothed in and exercising powers granted to him by state law. As such, both are subject to the 14th Amendment.

35. As a government employee who had worked for several years for the OHRC, Plaintiff had a protected interest in his continued employment as a matter of state law and could only be terminated for cause.

36. As such, the Due Process Clause of the Fourteenth Amendment attached to offer protections to his protectable interest—continued employment.

Exhibit 1

37. Furthermore, the Due Process Clause requires that before Plaintiff's interest can be adversely interfered with, his government employer needed to afford him an opportunity to be heard at a meaningful time and in a meaningful manner.

38. Thus, Due Process requires a pre-termination hearing consisting of (1) oral or written notice to the employee of the charges against him; (2) an explanation of the employer's evidence; and (3) an opportunity for the employee to present his side of the story.

39. Plaintiff was never afforded any meaningful opportunity to be heard on the original charges made against him by Cathey and/or OHRC which started the process leading to his termination. In fact, Plaintiff was never afforded any notice, hearing, and simply received a termination letter. Plaintiff's termination, as outlined in this Petition, was in clear violation of established procedural safeguards of the Due Process Clause. For the wrongs articulated herein, Plaintiff seeks redress, to include without limitation, damages, attorney's fees, and all other relief that this Court deems proper and just.

40. As courts in Oklahoma have acknowledged, it takes little foresight to appreciate that a person whose employment is terminated is going to suffer mental anguish, embarrassment, and even humiliation. That happened in this case. After being abruptly terminated, without notice or proof of wrongdoing, Goss was never afforded an opportunity before or after his termination to clear his name or to at least set the record straight. By so doing, the OHRC committed a stigma-plus constitutional violation under the 14th Amendment.

41. Plaintiff has, as a result, suffered damages. For the wrongs articulated herein, Plaintiff seeks redress, to include without limitation, damages, attorney's fees and all other relief that this Court deems proper and just.

**Third Cause of Action**
**Emotional Distress**



42. Plaintiff hereby expressly incorporates all the preceding paragraphs herein as though stated *verbatim*.

43. As noted, Plaintiff was a long-time employee of the OHRC. As far as he knew, there was no notice of impending termination against him.

44. Goss was abruptly terminated, without notice or proof of wrongdoing. Goss was never afforded an opportunity before or after his termination to clear his name or to at least set the record straight. Without the opportunity to defend himself, Goss' termination under these circumstances makes future employment as a race official difficult, if not impossible.

45. Under these circumstances, Oklahoma courts have acknowledged, it takes little foresight to appreciate that a person whose employment is terminated is going to suffer mental anguish, embarrassment, and even humiliation. That happened in this case.

46. Defendants' conduct as outlined herein, was unreasonable, outrageous, and in clear violation of acceptable standards of human decency.

47. In so doing, Defendants recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure.

48. Plaintiff has, as a result, suffered damages. For the wrongs articulated herein, Plaintiff seeks redress, to include without limitation, damages, and all other relief that this Court deems proper and just.

## PUNITIVE DAMAGES
### (Against Cathey in his Private Capacity)

49. Plaintiff hereby expressly incorporates all the preceding paragraphs herein as though stated *verbatim*.



50. The acts and omissions by Defendant Cathey as set forth in the preceding paragraphs, demonstrates that Defendant was engaged in conduct and/or practices evincing malice or reckless indifference to Plaintiff's rights.

51. As a direct result of Defendant's malice and/or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined at trial commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

## PRAYER FOR RELIEF

In light of the foregoing, Plaintiff respectfully requests that this Court award:

(1) Consequential and compensatory damages;

(2) Attorney's fees and costs incurred in this action, as applicable;

(3) Pre-judgment and post-judgment interest;

(4) Punitive damages; and

(5) Such further relief, at law or in equity, as he may be entitled and which this Court deems just and proper.

Respectfully submitted,

Clark O. Brewster, OBA# 1114
Mbilike M. Mwafulirwa, OBA# 31164
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021
(918) 742-2197 (fax)
*Attorneys for Plaintiff*

