**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JERRY GOSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **Case No. 18-CV-304-TCK-JFJ** |
| | ) |
| **KELLY CATHEY, an individual and** | ) |
| **OKLAHOMA HORSE RACING** | ) |
| **COMMISSION,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is Defendants Oklahoma Horse Racing Commission's and Kelly Cathey's

Motion to Dismiss (Doc. 11). For the reasons discussed below, Defendants' Motion to Dismiss is

**GRANTED**.

### I.   Factual Background

This case arises out of Plaintiff Jerry Goss's termination from his job as Steward for the

Oklahoma Horse Racing Commission ("Commission"). Plaintiff worked for the Commission for

several years, and alleges that, as a Steward, he had a protected interest in his continued

employment as a matter of state law and could only be terminated for cause. As a Steward, Plaintiff

was regularly assigned to the Will Rogers Downs at Claremore where it appears that he presided

over hearings regarding whether to fine, suspend, or revoke licenses issued by the Commission.

Plaintiff alleges that he was required to conduct hearings with basic due process notions, and that

he took an oath to uphold the federal and state Constitutions, not to take a bribe, and to discharge

his duties faithfully and to the best of his abilities.

Defendant Kelly Cathey is the Commission's Executive Director. As Executive Director,

he is responsible for the Commission's day-to-day administrative functions, but has a limited role

in the Commission's adjudication process.  However, as a matter of course, Defendant Cathey issued *ex parte* directives and edicts to disproportionately punish, sanction, and suspend some licensees.  He also instructed Stewards, including Goss, how to decided issues before the actual hearing.  Plaintiff "took exception" to Defendant Cathey's conduct.  He alleges that when he pointed out Defendant Cathey's rule violations, he was told to "let it go," "stop," or "drop it."  He also alleges that he was told "don't mention that again," and "it won't be good for you."  It is not clear who made these comments to Plaintiff.  However, Plaintiff alleges that despite these comments, he used his best efforts to ensure lawful compliance and voted during hearings to uphold the Commission's licensees' Constitutional rights to a fair hearing and reasonable enforcements of the Commission's Rules of Racing.  As a result of this conduct, Defendant Cathey terminated Plaintiff's employment via signed letter on November 13, 2017, without notice that he had violated an employment rule or policy, or a pre-termination hearing.

## II.     Procedural History

Plaintiff filed his Petition in Rogers County District Court on May 8, 2018.  In his Petition, he alleges claims for wrongful termination in violation of Oklahoma public policy, also called a *Burk* tort (Claim One), deprivations of property and liberty without procedural due process (Claim Two), and intentional infliction of emotional distress (Claim Three).  Defendants Cathey and Oklahoma Horse Racing Commission removed the case to this Court on June 8, 2018.  (Doc. 2.)

## III.    Motion to Dismiss Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins,* 519 F.3d at 1247. Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

In the specific context of § 1983 actions in which officers are sued personally and have asserted the defense of qualified immunity at the Rule 12(b)(6) stage, the Tenth Circuit has stated:

> To nudge their claims across the line from conceivable to plausible, in this context, plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made. This does not mean that complaints in cases subject to qualified immunity defenses must include all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law.

*Id.* at 1249 (10th Cir. 2008) (internal quotation marks and citations omitted).

## IV.    Plaintiff Has Failed to State a Claim for a § 1983 Claim

### A.    Deprivation of Property—Procedural Due Process

Plaintiff brings this claim under 42 U.S.C. § 1983, alleging that his termination without notice, proof of wrongdoing, or a hearing violates his right to procedural due process by depriving him of his employment, in which he had a property interest.  The Due Process Clause of the Fourteenth Amendment ensures that a person cannot be deprived of a property right without due process of law.  *See Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir. 2009).  To determine whether a person was denied procedural due process, the Court must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable?  If so, (2) was the individual afforded an appropriate level of process?  *See Rooker v. Ouray County*, 504 F. App'x 734, 736-37 (10th Cir. 2012)(unpublished).  To have a property interest in a benefit, a person must have more than just an abstract need or desire for it—they must have a legitimate claim of entitlement to it.  This entitlement must come from not the Constitution, but from independent sources, such as state statutes, state regulations, or contracts.  *See Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972).

Accordingly, to plead a property interest sufficient to state a claim, a plaintiff must plead the existence of a state statute, regulation, contract, or other source which establishes a legitimate claim of entitlement to the benefit of which Plaintiff was denied.  *See Greene v. Barrett*, 174 F.3d 1136, 1140 (10th Cir. 1999).  In employment cases, such as this one, a plaintiff must show a legitimate expectation in continued employment.  Courts have found such circumstances where the source places substantive restrictions on an employer's ability to demote or terminate an employee, such as where a state statute, state regulation, or contract provides that an employee can only be disciplined or terminated for cause.  *Id.*; *Rooker*, 504 F. App'x at 737.

Defendants argue that Plaintiff's deprivation of property procedural due process claim should be dismissed against Defendant Commission because the Commission is not a proper defendant under § 1983 and is entitled to sovereign immunity, and should be dismissed against Defendant Cathey because Defendant Cathey is entitled to qualified immunity, and because Plaintiff failed to link Defendant Cathey to the alleged Constitutional violation. Defendant also contends that Plaintiff's deprivation of property procedural due process claim should be dismissed against both Defendants because Plaintiff has no property interest in his employment with the Commission.

The Court agrees that Plaintiff has no property interest in his employment with the Commission. Plaintiff has not pled sufficient facts to establish his legitimate expectation in continued employment. Plaintiff has plead only that "as a government employee who has worked for several years for [the Commission, he] had a protected interest in his continued employment as a matter of state law and could only be terminated for cause." (Doc. 2-1.) However, because whether Plaintiff had a protected interest in his employment is a legal conclusion, the Court is not bound to accept this allegation as fact. *Iqbal*, 556 U.S. at 678. In the absence of any allegations of a state statute, state regulations, a contract, or any other source that placed substantive restrictions on the Commission's ability to terminate Plaintiff's employment, Plaintiff has not stated a claim upon which relief can be granted. Accordingly, Defendant Cathey is entitled to qualified immunity and Plaintiff's deprivation of property procedural due process claim is dismissed as to all Defendants.[1]

---

[1] The Court need not reach Defendants' other arguments, including that Defendant Commission is entitled to sovereign immunity.

### B.    Stigma Plus Due Process

Plaintiff also brings a claim under 42 U.S.C. § 1983, apparently alleging that his termination without notice, proof of wrongdoing, or a hearing violates his right to procedural due process by depriving him of his liberty interest in clearing his name.[2] "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, a protectable liberty interest may be implicated that requires procedural due process in the form of a hearing to clear his name." *Martin Marietta Materials, Inc. v. Kan. DOT*, 810 F.3d 1161, 1184 (10th Cir. 2016) (internal citations omitted).  To state such a claim, Plaintiff must satisfy the "stigma-plus" standard by demonstrating both (1) governmental defamation and (2) an alteration in legal status.  *Id.*  To establish governmental defamation, a Plaintiff must plead (1) a statement that impugns his good name, reputation, honor, or integrity; (2) the statement is false; (3) the statement must occur in the course of terminating the employee or must foreclose other employment opportunities; and (4) the statement must be published.  *See Guttman v. Khalsa*, 669 F.3d 1101, 1125-26 (10th Cir. 2012).  For a statement to be "published," it must be disclosed publicly.  *See Ellison v. Roosevelt Cty. Comm'rs*, 700 F. App'x 823, 830 (10th Cir. 2017) citing *McDonald v. Wise*, 769 F.3d 1202, 1212 (10th Cir. 2014).

As with Plaintiff's deprivation of property procedural due process claim, Defendants argue Plaintiff's stigma-plus procedural due process claim should be dismissed against Defendant Commission because the Commission is not a proper defendant under § 1983 and is entitled to sovereign immunity, and should be dismissed against Defendant Cathey because Defendant

---

[2] Plaintiff never describes this claim as a liberty interest; however, he has styled the claim as a stigma-plus due process claim, which is a claim for deprivation of liberty in violation of the due process clause.  *Martin Marietta Materials, Inc. v. Kan. DOT*, 810 F.3d 1161, 1184 (10th 2016).  Accordingly, the Court construes it as a claim of a deprivation of a liberty interest.

Cathey is entitled to qualified immunity, and because Plaintiff failed to link Defendant Cathey to any alleged Constitutional violation. Defendant also contends that Plaintiff's procedural due process claim should be dismissed against both Defendants because Plaintiff has not alleged any governmental defamation.

The Court agrees that Plaintiff has not alleged any governmental defamation. Plaintiff has not alleged any stigmatizing statement made by Defendants that was disclosed publicly. Indeed, the only potentially stigmatizing statement that Plaintiff appears to allege at all is the letter signed by Defendant Cathey informing Plaintiff of his termination. (Doc. 2-1, pg. 4.) Plaintiff argues that "[t]he broad implication from the termination was to communicate to the public that [Plaintiff] was discharged for wrongful conduct at work." (Doc. 14, pg. 18.) However, Plaintiff has not alleged that either the letter informing him of his termination, nor the fact of his termination was ever disclosed publicly. Moreover, the implication of a public employee's termination, without more, does not constitute a publicly disclosed stigmatizing statement. Accordingly, Plaintiff's stigma-plus procedural due process claim must fail, at a minimum because it fails to allege the fourth element of governmental defamation, that the false statement be published. Defendant Cathey is entitled to qualified immunity and Plaintiff's stigma-plus procedural due process claim is dismissed as to all Defendants.[3]

## V.    Common Law Intentional Infliction of Emotional Distress and *Burk* Tort Claims

Plaintiff's remaining claims for wrongful termination in violation of Oklahoma public policy, or a *Burk* tort (Claim One) and for Intentional Infliction of Emotional Distress (Claim

---

[3] Because the Court has found that Plaintiff has failed to state a claim upon which relief can be granted as to his deprivation of property procedural due process claim as part of finding that Defendant Cathey is entitled to qualified immunity, the Court need not reach Defendants' other arguments, including that Defendant Commission is entitled to sovereign immunity.

Three)[4] arise under Oklahoma law. Pursuant to 28 U.S.C § 1367(a), a federal court may exercise supplemental jurisdiction over claims related over which it has original jurisdiction. However, § 1367(c)(3) "expressly permits a district court to decline to exercise supplemental jurisdiction over any remaining state-law claims," and the Tenth Circuit has "repeatedly recognized that this is the preferred practice." *Gaston v. Ploeger*, 297 Fed. Appx. 738, 746 (10th Cir. 2008) (citations omitted). Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## VI. Conclusion

For the reasons set forth above, the Court finds that Plaintiff has failed to state a claim as to his deprivation of property and liberty without procedural due process claims. For these reasons, Defendants' Motion to Dismiss is **GRANTED**.


**SO ORDERED.**


**DATED THIS 20th day of August, 2019.**

_Terence C Kern_

**TERENCE C. KERN**
**United States District Judge**

---

[4] Plaintiff styled this cause of action as "emotional distress," which the Court construes as a claim for Intentional Infliction of Emotional Distress, as the claim articulates the relevant legal standard. *See Breeden v. League Servs. Corp.*, 1987 OK 27, 575 P.2d 1374, 1376 (Okla. 1978). If, as Plaintiff may contend, this claim is not an independent cause of action, but a description of damages sought pursuant to other claims (Doc. 14, pg. 28), that does not change the Court's decision to decline jurisdiction over Plaintiff's remaining state law claims.